UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x

CARLTON ROMAIN,

                Plaintiff,

       -against-

CITY OF NEW YORK; Police Officer MALERIE TREUMAN, Shield No. 4360; and JOHN and JANE DOE 1 through 3, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                Defendants.
-------------------------------------------------------------- x

CV 12 - 5846

**COMPLAINT**

Jury Trial Demanded

GARAUFIS, J.

LEVY, M.J.

## NATURE OF THE ACTION

1.    This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3.    The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5.    Plaintiff demands a trial by jury in this action.

## PARTIES

6.   Plaintiff Carlton Romain ("plaintiff" or "Mr. Romain") is a resident of Kings County in the City and State of New York.

7.   Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

8.   Defendant Police Officer Malerie Treuman, Shield No. 4020 ("Treuman"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Treuman is sued in her individual capacity.

9.   At all times relevant defendants John and Jane Doe 1 through 3 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 3.

10.   At all times relevant herein, defendants John and Jane Doe 1 through 3 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 3 are sued in their individual and official capacities.

11. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

12. At approximately 3:50 p.m. on February 24, 2012, plaintiff was lawfully walking in the vicinity of Madison Avenue and Marcus Garvey Boulevard in Brooklyn, NY.

13. The defendant officers approached plaintiff and asked where he was going. When plaintiff replied, the officers asked for his identification and requested permission to search plaintiff.

14. Plaintiff objected to these requests and asked the officers to leave him alone.

15. The officers then searched plaintiff, rummaging through his jacket and pants pockets and insisting that plaintiff open his mouth. Plaintiff strongly objected to this treatment.

16. Plaintiff was then placed in handcuffs and taken to the 81st precinct.

17. At the precinct the officers plaintiff was taken into a bathroom and ordered to remove all his clothing and bend over.

18. The officers falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff driving recklessly in possession of marijuana.

19. At no point did the officers observe plaintiff committing any crime.

20. Ultimately, plaintiff was taken to Brooklyn Central Booking.

21. On February 25, 2012, plaintiff was arraigned in Kings County Criminal Court, where the criminal charges were adjourned in contemplation of dismissal.

22. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search

23. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

24. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

25. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM

### False Arrest

26. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

27. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

28. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### First Amendment Retaliation

29. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

30. By their conduct, as described herein, and acting under color of state law to deprive the plaintiff of his right to freedom of speech under the First and Fourteenth Amendments, the individual defendants are liable for violation of 42 U.S.C. § 1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution. The individual defendants have violated plaintiff's First Amendment rights to speech by unlawfully denying his right to speak freely by subjecting him to false arrest and excessive force to deter the exercise of his First Amendment rights. Defendants' actions were taken in retaliation for plaintiff's exercising his First Amendment rights.

31. As a consequence of the individual defendants' actions, plaintiff has suffered violations of his First and Fourteenth Amendment rights to free speech. Plaintiff has fear and apprehension that he will, again, be subject to similar unlawful

acts by defendants done for the purpose of limiting and preventing his First Amendment-protected activities.

## FOURTH CLAIM

### Unlawful Strip Search

32. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

33. The defendants violated the Fourth and Fourteenth Amendments because they unlawfully subjected plaintiff to a strip search without legal justification.

34. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM

### Failure To Intervene

35. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

36. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

37. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

38. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.


DATED:   November 26, 2012
         New York, New York

                                    _____
                                    Robert Marinelli
                                    299 Broadway, Suite 1501
                                    New York, New York 10007
                                    (212) 822-1427

                                    *Attorney for plaintiff*